## THE STATE v. KAUFMAN.

1. **Criminal Law: DEFENDANT MAY WAIVE STATUTE.** The defendant in a criminal action may, with the consent of the State and of the court, waive a statute enacted for his benefit.

2. ————: ————: CONSTITUTIONAL LAW. He may consent to go to trial with but eleven jurors, and a trial in this manner, with such consent, is not prohibited by the Constitution.

*Appeal from Iowa District Court.*

THURSDAY, SEPTEMBER 18.

THE defendant was indicted for uttering and publishing a forged promissory note with intent to defraud. Upon the trial, one of the jurors "being ill, with the consent of the defendant said juror was discharged, and with the consent of the defendant the trial, before eleven jurors, was resumed and concluded by the order of the court." There was a verdict of guilty. A motion was filed in arrest of judgment and for a new trial, on the ground that no legal judgment could be rendered on such a verdict. Both motions were overruled and judgment pronounced. The defendant appeals.

*Hedges & Alverson* and *J. W. Slater*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

SEEVERS, J.—I. It is provided by statute that "the jury consists of twelve men, accepted and sworn to try the issue. All qualified electors of the State * * are competent jurors in their respective counties." Code, §§ 227, 4397. Both these statutory provisions have equal force. If one can be waived, so may the other. It was said in *The State v. Groome*, 10 Iowa, 308: "If the defendant knew, at the time the jury was sworn, that any of them were not qualified to act as jurors, he would have waived

his right to object thereafter." This decision was made under the Code of 1851, but sections 1630 and 2971 thereof are precisely the same as sections 227 and 4397 of the Code. That a defendant in a criminal action, by silence, may waive the benefit of a statutory provision was clearly recognized.

There are several other decisions which recognize the same principle. *Hughes v. The State,* 4 Iowa, 554; *The State v. Ostrander,* 18 Id., 435; *The State v. Reid,* 20 Id., 413, and *The State v. Felter,* 25 Id., 67. It must, therefore, be regarded as the settled doctrine in this State that a defendant in a criminal action, with the consent of the State and court, may waive a statute enacted for his benefit.

II. The Constitution provides that "the right of trial by jury shall remain inviolate,   *   *   *   but no person shall be deprived of life, liberty or property without due process of law." Article 1, § 9, Code, 770.

2. ——: ——: constitutional law.

That the jury contemplated by the foregoing provision should consist of twelve competent persons, will be conceded. The question for determination is whether a defendant in a criminal action, with the consent of the State and court, can waive the foregoing constitutional provision and is bound thereby. The first impression would be, we think, that a constitutional provision could be waived as well as a statute. Both, in this respect, have equal force, and were enacted for the benefit and protection of persons charged with crime. If one can be waived, why not the other? A conviction can only be legally obtained in a criminal action upon competent evidence; yet, if the defendant fails at the proper time to object to such as is incompetent, he cannot afterward do so. He has a constitutional right to a speedy trial, and yet he may waive this provision by obtaining a continuance. A plea of guilty ordinarily dispenses with a jury trial, and it is thereby waived. This, it seems to us, effectually destroys the force of the thought that "the State, the public, have an interest in the preservation of the lives and the liberties of the citizens, and will not allow them to be taken away without

The State v. Kaufman.

due process of law." The same thought is otherwise expressed by Blackstone, vol. 4, p. 189, that "the king has an interest in the preservation of all his subjects."

It matters not whether the defendant is, in fact, guilty; the plea of guilty is just as effectual as if such was the case. Reasons other than the fact that he is guilty may induce a defendant to so plead, and thereby the State may be deprived of the services of the citizen, and yet the State never actually interferes in such case, and the right of the defendant to so plead has never been doubted. He must be permitted to judge for himself in this respect. So in the case at bar. The defendant may have consented to be tried by eleven jurors, because his witnesses were then present, and he might not be able to get them again, or that it was best he should be tried by the jury as thus constituted. Why should he not be permitted to do so? Why hamper him in this respect? Why restrain his liberty or right to do as he believed to be for his interest? Whatever rule is adopted affects not only the defendant, but all others similarly situated, no matter how much they may desire to avail themselves of the right to do what the defendant desires to repudiate. We are unwilling to establish such a rule. It may be said that if one juror may be dispensed with, so may all but one, or that such trial may be waived altogether, and the trial had to the court. This does not necessarily follow. It will be time enough to determine such questions when they arise. Certain it is that the right to dispense with one or more jurors cannot be exercised without the consent of the court and State, and it may safely, we think, be left to them as to when or to what extent it may be exercised. We, however, may remark, without committing ourselves thereto, that it is difficult to see why a defendant may not, with the consent of the court and State, elect to be tried by the court. Should such become the established rule, many changes of venue, based on the prejudice of the inhabitants of the county against the defendant, might be obviated.

The authorities are not in accord on the question under discussion. The foregoing views are sustained by *Commonwealth v. Dailey et al.*, 12 Cush., 80; *Murphy v. Commonwealth*, 1 Met. (Ky.), 365; *Tyra v. Same*, 2 Id., 1. The crime charged in these cases was a misdemeanor, but in the first case this fact possessed no significance. The ruling is based on principle applicable to all criminal actions. We are unable to see how it is possible to draw a distinction in this respect between misdemeanors and felonies, because the Constitution does not recognize any such distinction.

The contrary conclusion was reached in *Cancemi v. The People*, 18 N. Y., 128; *Allen v. The State*, 54 Ind., 461; and *Bell v. The State*, 44 Ala., 393. In neither of these cases was the question largely considered. Substantially, they all seem based on the thought that "it would be a highly dangerous innovation, in reference to criminal cases, upon the ancient and invaluable institution of trial by jury, and the Constitution and laws establishing and securing that mode of trial, for the court to allow of any number short of a full panel of twelve jurors, and, we think, ought not to be tolerated." *Cancemi v. The People*, before cited. This would have been much more convincing and satisfactory if we had been informed why it would be "highly dangerous," and should "not be tolerated," or, at least, something which had a tendency in that direction. For if it be true, as stated, it certainly would not be difficult to give a satisfactory reason in support of the strong language used.

In *Bullard v. The State*, 38 Texas, 504, the verdict was rendered by thirteen jurors. It was set aside. But it does not appear whether or not the defendant had any knowledge until after verdict there was that number of jurors.

In *Williams et al. v. The State*, 12 Ohio St., 622, a jury trial was waived, and the defendants found guilty by the court. On appeal the Attorney General submitted to a reversal on the ground that a jury trial could not be waived. The case was disposed of by the court in a single line, by say-

The State v. Kaufman.

ing such was the opinion of the court. It is evident the case was not very elaborately considered.

The following cases hold that a trial by jury cannot be waived and the same take place before the court. *Bond v. The State*, 17 Ark., 290; *The People v. Smith*, 3 Mich., 193; *League v. The State*, 36 Md., 269.

The Constitution of this State provides that "in all criminal prosecutions * * * the accused shall have the right * * * to be confronted with the witnesses against him." Article 1, § 10, Code, 770. In *The State v. Polson*, 29 Iowa, 133, "it was agreed in open court between the District Attorney and counsel of defendant, in the presence of the defendant and of the jury, that in order to save time and facilitate the trial of the cause the testimony taken upon the former trial should be read to the jury as a substitute for the oral testimony of the witnesses in court." A conviction followed, which was held to be right, and that the constitutional provision was a personal right and in no manner affected the jurisdiction of the court, and that it might be waived.

This decision in principle is identical with the case at bar. If one constitutional provision may be waived, why not another? The one is no more binding and obligatory than the other. Both are equally important.

III. No exceptions were taken to the instructions, but in the motion for a new trial it was objected that the verdict was not supported by the evidence. If the jury believed the witness Collins, and they must have done so, the conviction was undoubtedly right. Both the District Court and jury have passed on the sufficiency of the evidence, and the story told by Collins is not so improbable as to justify us in disbelieving him.

Certain objections were made on the trial to the admission of evidence. These are not pressed in argument of counsel. But, as is our duty, we have examined them, and fail to find they, or any of them, are well taken.

AFFIRMED.