## THE STATE v. CARMAN.

1. **Criminal Procedure:** DEFENDANT CANNOT WAIVE TRIAL BY JURY. While, in a civil cause, either party may waive a trial by jury; (Code, § 2740,) it is not possible, under § 4350 of the Code, for the defendant in a criminal case to waive a jury and submit to a trial by the court alone. Such waiver gives the court no jurisdiction to try the cause without the aid of a jury, and a judgment of conviction rendered on such trial must be reversed. SEEVERS, J., *dissenting*.

*Appeal from Adair District Court.*

FRIDAY, MARCH 21.

THE defendant was indicted for the crime of an assault with an attempt to commit murder. There was a trial by

the court without a jury. The defendant was found guilty, and was sentenced to confinement in the penitentiary for two years. From the judgment he appeals.

*McNett & Tisdale*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

ADAMS, J.—The defendant waived in writing his right to a trial by jury. He now insists that he had no power to waive such right.

In our Code of Civil Practice it is provided that "issues of fact in an action in an ordinary proceeding must be tried by a jury, unless the same is waived." § 2740. In our Code of Criminal Procedure there is no provision for the waiver of a jury. On the other hand, it is provided that "an issue of fact must be tried by a jury of the county in which the indictment is found, unless a change of venue has been awarded." Sec. 4350. We regard this provision as excluding the jurisdiction of the court, without a jury, to try such issue. The question presented is not as to the waiver of a mere statutory privilege, but an imperative provision based, as we view it, upon the soundest conception of public policy. Life and liberty are too sacred to be placed at the disposal of any one man, and always will be, so long as man is fallible. The innocent person, unduly influenced by his consciousness of. innocence, and placing undue confidence in his evidence, would, when charged with crime, be the one most easily induced to waive his safe guards. There is no resemblance between such a case and that of a person pleading guilty. In the latter case there is no trial, but mere judgment upon the plea.

If the language of the statute were less imperative than it is, the adjudications would support us in reaching the same conclusion. *Hill v. The People*, 16 Mich., 351; *State v. Maine*, 27 Conn., 281; *Bond v. State*, 17 Ark., 290; *Wil-*

*son v. State,* 16 Ark., 601; *League v. State,* 36 Md., 257; *Williams v. State,* 12 Ohio St., 622; *People v. Smith,* 9 Mich., 193; *United States v Taylor,* 3 McCrary, 500. We think that the judgment of the district court must be

REVERSED.

SEEVERS, J., *dissenting.*—The defendant in the district court filed the following written stipulation:

" The defendant, Thomas C. Carman, hereby waives a trial by jury, and by himself and under the advice of counsel requests the court to hear and determine this case without a jury. This stipulation to hold for this term only. Dated March 14, 1882.

THOMAS C. CARMAN.

I. G. CULVER,  ⎱ *Defendant's*
D. W. CHURCH,  ⎰ *Attorneys.*"

The trial was in accordance with the stipulation, and the defendant was found guilty by the court as charged in the indictment.

It is held in the foregoing opinion that the defendant could not waive a trial by jury, and elect to be tried by the court. This thought is largely based on the statute which provides that a jury may be waived in a civil action, but that there must be a trial by jury in a criminal action. It is said that the statute is a limit on the jurisdiction of the court. That the district court had jurisdiction of the subject matter and of the defendant cannot be doubted. The limitation is only as to the form or manner of the trial. It cannot, therefore, be of a jurisdictional character. The judgment cannot be said to be void, but at most is voidable only, and must be corrected on error. If the court had refused the defendant a jury trial, this even, in my judgment, would not have presented a jurisdictional question. There is a statute which provides, when a change of venue has been granted in a criminal action, that the clerk shall certify to the indictment and other papers, and cause the same to be transmitted to the clerk of the court to which the change of

venue has been ordered. Code, § 4377. In *The State v. Rivers*, 58 Iowa, 102, it did not appear of record that the indictment had been so certified, but it was held that the statute was merely directory, and that the defendant waived the objection by proceeding to trial. The court, therefore, obtained jurisdiction, although the indictment had not been certified as the statute commanded. If one of these statutes is directory, the other cannot be mandatory. The constitution provides that the accused " shall have the right   *   *   * to be confronted with the witnesses against him." This language is just as mandatory as that contained in the statute in question, and yet it was held in *The State v. Polson*, 29 Iowa, 133, that a personal privilege only was conferred on the accused, which he could waive, and that such waiver did not affect the jurisdiction of the court. The constitution provides that " the right of trial by jury shall remain inviolate." Every one admits that this means a jury composed of twelve men. But it was held in *The State v. Kaufman*, 51 Iowa, 578, that such a jury might be waived by the accused, and the trial be had by a jury composed of eleven men. If the jury may be composed of eleven men, why would not six men be a lawful jury, and, if six may be, why should not one man compose a lawful jury, if the accused elected to be so tried? One man constitutes the court by whom the defendant asked that the facts should be determined. Such man, therefore, constituted the jury by whom the defendant elected to be tried. There is no magic in the name court. The same man constituting the court might, under different circumstances, constitute the jury.

That a personal right or statutory privilege conferred on a person accused of crime may be waived by the person so accused, has been held in *The State v. Hughes*, 4 Iowa, 554; *The State v. Groome*, 10 Id., 308; *The State v. Ostrander*, 18 Id., 435; *The State v. Reid*, 20 Id., 413; and *The State v. Felter*, 25 Id., 67. Besides this, I think it can be safely asserted, as the settled doctrine in this state, that no one can

be permitted to take advantage of an error committed by a court which was done at his solicitation and request; and yet that is the result of the foregoing opinion.

The statute under consideration in my judgment is directory only, and in this I am confirmed by the constitutional provisions on the same subject. The provisions that "the right of trial by jury shall remain inviolate," contained in § 9 of Art. 1, simply means that the accused cannot be legally deprived of such right. It confers on the accused a right, but deprives him of none.

The next section (10) provides that the accused "shall have a right to a speedy and public trial by an impartial jury." Several rights are here conferred, but there are no restrictions. Suppose the accused waives a speedy trial, or a public trial, could he take advantage of such waiver? Or would the jurisdiction of the court be affected? I conclude not. Neither the constitution nor the statute provides that the accused cannot elect to be tried by a court which has full and complete jurisdiction, and I am unable to see why he cannot be legally so tried, or why he cannot demand the right to be so tried as a personal privilege and right.

It is at least intimated in the foregoing opinion that the ruling would be the same if there was no statute on the subject. Authorities are cited in support of this proposition. I have not examined them with much care, because I deem it unnecessary. I concede that the great weight of authority is opposed to my view; but such authorities are logically inconsistent with and opposed to *The State v. Polson,* and *The State v. Kaufman,* before cited. Such authorities, if followed to their logical results, would overrule the two cases just referred to. But I do not understand the foregoing opinion to do this in terms; but it does so indirectly, because no well-grounded reason can be given that there is any distinction between them. Certainly, the foregoing opinion fails to do so. It seems to be supposed that "life and liberty are too sacred to be placed at the disposal of any one man,

and that an innocent man might be influenced to waive a trial by jury, the great safe-guard provided by law. This same thought has been otherwise expressed in some of the authorities cited. That "the state—the public—have an interest in the preservation of the lives and liberties of the citizens, and will not allow them to be taken away without due process of law." To my mind, this reasoning is not satisfactory. It is certainly true that the accused can plead guilty. The state does not interfere to protect the citizen in such case. If he may plead guilty, why may he not elect to be tried by the court instead of by a jury. The innocent and fallible man would be just as likely to plead guilty as to elect to be tried by the court. Believing as I do that the foregoing opinion logically and by indirection overrules *The State v. Polson,* and *The State v. Kaufman,* I am unable to assent thereto. In my opinion the judgment of the district court should be affirmed.