## THE STATE v. ILL.

Criminal Law : APPEAL FROM JUSTICE'S COURT : POWER OF DEFENDANT TO WAIVE JURY TRIAL. Where one has been tried and convicted upon an information in a justice's court, and he appeals to the district court, he has the power to waive trial by jury in the appellate court, and to submit to a trial by the court ; and where he does so, and is so tried, and is found guilty, and judgment is rendered against him, he cannot afterwards insist that the court had no right to try him without a jury. (*State v. Carman*, 63 Iowa, 130, and *State v. Larrigan*, 66 Iowa, 426, in which cases the trials were on *indictments, distinguished.*)

*Appeal from Polk District Court.*—HON. JOSIAH GIVEN, Judge.

FILED, MAY 14, 1888.

THE defendant was tried by a jury in a justice's court on an information which charged him with having owned and kept intoxicating liquors, with intent to sell the same contrary to law. He was convicted and adjudged to pay a fine. From that judgment he appealed. In the district court he consented to a trial without a jury, and was again convicted ; and, from the judgment rendered, appeals to this court.

*Baylies & Baylies*, for appellant.

*A. J. Baker*, Attorney General, for the State.

ROBINSON, J.—The only question presented by this appeal is the power of the defendant to waive his right to a trial by jury in the district court. It is contended by appellant that such right did not exist, and that this case falls within the rule announced in *State v. Carman*, 63 Iowa, 130, and *State v. Larrigan*, 66 Iowa, 426. In each of those cases the defendant was tried on an indictment, and it was held that section 4350 of the Code was

an imperative provision, which excluded the jurisdiction of the court, without a jury, to try an issue of fact presented by indictment. In this case, defendant was accused, by information, of an offense of which the district court had only appellate jurisdiction. Section 4702 of the Code provides that a case of this kind "shall stand for trial anew in the district court in the same manner as it should have been tried before the justice." It should have been tried before the justice in one of two modes: either by the court or by a jury. The provisions of the Code which apply in this case are as follows: "Sec. 4669. Upon a plea other than a plea of guilty, if the defendant do not demand a trial by jury, the justice must proceed to try the issue, unless a change of venue be applied for by defendant." "Sec. 4672. Before the justice has heard any testimony upon the trial, the defendant may demand a trial by jury." It will be noticed that the proper manner of trying a case of this kind in justice's court is to try it to the justice, unless a jury is demanded by defendant. In other words, if he fail to demand a jury, he waives the right to be tried by one. This being the case in justice's court, and the cause being triable in the same mode or manner in the district court, the defendant had the power to consent to a trial to the court. He was not denied the right to a trial by jury, and cannot now be heard to complain that he was not so tried.

AFFIRMED.