THE STATE OF IOWA, Appellee, v. B. D. REA, Appellant.

Criminal law: TRIAL BY JURY: WAIVER OF RIGHT. The right of a trial
by jury is a constitutional guaranty which cannot be waived by a
defendant in a criminal case, and a judgment entered on a trial
to the court will be reversed on appeal.

*Appeal from Emmett District Court.*— HON. W. B. QUAR-
TON, Judge.

WEDNESDAY, NOVEMBER 23, 1904.

THE opinion states the case.

PER CURIAM.— This case has been submitted upon a
transcript of the record in the court below and without argu-
ments of counsel. It appears that the defendant was in-
dicted by the grand jury of Emmett county upon the charge
of doing business as an itinerant physician without having
procured a license for that purpose, contrary to the provisions

of Code, section 2581. Defendant demurred to this indictment on the ground that the statute referred to is unconstitutional so far, at least, as it applies to one who has been duly admitted to the practice of medicine under the laws of the State. The demurrer was overruled, and defendant entered a plea of not guilty. Thereupon, as the record recites, the parties agreed and consented to waive a jury, and to submit the cause to the court for its judgment upon an agreed statement of the facts. Trial was accordingly had to the court without a jury, and the defendant found guilty, and adjudged to pay a fine of $300 and costs. The defendant has appealed from the judgment against him, and, although neither party has thought it worth while to favor this court with an argument, we are not at liberty, as we would be under like conditions in a civil action, to dismiss the appeal, but must inspect the record, and ascertain whether it shows any manifest error in the proceedings. As far back as the case of *State v. Carman,* 63 Iowa, 132, it was decided that the defendant in a criminal case cannot waive a jury or consent to trial by the court, and that judgment thus procured will be reversed on appeal. The substance of the holding there is that the court is wholly without jurisdiction to hear or try an issue of fact in a criminal case without the aid of a jury, and that the consent or waiver of the defendant does not estop him from taking advantage of the error. That case has since been followed and approved in *State v. Larrigan,* 66 Iowa, 426; *State v. Tucker,* 96 Iowa, 276; *State v. Douglas,* 96 Iowa, 308; *State v. Lightfoot,* 107 Iowa, 351. The provisions of our State Constitution (article 1, section 10) and of the statute (Code, section 5338) which were then deemed controlling of the question remain unchanged, and, while the decisions which we have cited were rendered by a divided court, the doctrine has been so long adhered to, and its propriety is so apparent, that we are not ready to approve the innovation.

The judgment of the district court is *reversed.*