Wanamaker, J.
George A. Hoffman was convicted in the municipal court of Cleveland for a violation of Section 12628-1, General Code. Said section reads as follows:
“That it shall be a misdemeanor for any person to operate a motorcycle or motor vehicle of any kind upon any public highway or street while in a state of intoxication, and upon conviction he shall be subject to punishment by a fine not less than twenty-five dollars nor more than one hundred *138 dollars, or imprisonment in the county jail for not more than six months, or both.”
A motion for a new trial was filed and overruled, and error was prosecuted to the court of appeals, which court affirmed the judgment below.
The sole error claimed in the court of appeals and claimed here as the basis for a reversal of the conviction grows out of the following journal entry from the record of the municipal court:
“July 25, 1916. Affidavit filed, warrant issued’ and returned. Defendant in court and pleads not guilty. Hearing had and he is found guilty and he is sentenced to thirty days imprisonment in the county jail, and to pay a fine of fifty dollars and costs, and to be imprisoned in the county jail until said fine and costs are paid or secured to be paid or he is discharged according to law.”
Obviously in. this journal entry there is no specific reference to any jury in this trial; nor to a judge in the trial. The language is “defendant in court and * * * hearing had * * * and he is found guilty.” But the conceded facts are that this was all done by the municipal judge.
It is urged that before such municipal judge could try this cause there would have to be a prior waiving of a jury, and that such waiver must affirmatively appear in the record in order to give the judge sole jurisdiction, since imprisonment is a part of the penalty provided by the statute.
It must be conceded, of course, that such affirmative waiver does not expressly appear in this record.
Prosecutions for misdemeanors under federal and state laws, and for petty offenses under *139 municipal ordinances, may be divided into two classes, under the various statutes conferring jurisdiction:
1. Those where a jury must be waived before the judge has jurisdiction to try the offense without a jury.
2. Those in which a jury must be demanded before the judge has jurisdiction to try the case with a jury — before the defendant is entitled to a jury.
Manifestly an affirmative act is therefore contemplated by the statute under the. first class to avoid a jury, and under the second class to avail oneself of a jury.
How does the statute giving jurisdiction read in this case?
Plaintiff in error admits that the municipal court, as such, had jurisdiction by virtue of Section 1579-12 et seq., General Code, and that Section 1579-20, General Code, provides the general plan of practice and procedure in reference to criminal jurisdiction of the municipal court, said section providing that it shall be the same as that now, or hereafter “possessed by police courts in municipalities.”
By virtue of the foregoing sections plaintiff in error contends that Section 4577, General Code, relating to the jurisdiction of police courts, controls in this case in the municipal court. The latter part of that section is as follows:
“Cases in which the accused is entitled to a jury trial, shall be so tried, unless a jury be waived.”
*140 There is much virtue in plaintiff in error’s contention for reversible error if Section 4577, General Code, applies to the municipal courts, and- in the absence of any provision relating specifically to municipal courts doubtless said section would apply. But the general assembly of Ohio, in the municipal-court act of Cleveland, expressly provided otherwise by Section 1579-24, General Code, which reads:
“All causes in the municipal court shall be tried to the court unless a jury trial be demanded by a party.”
This language is all-comprehensive and includes both civil causes and criminal causes. If there -be any doubt as to this construction, the subsequent provisions will remove such doubt.
Now, what is guaranteed by the Constitution? It is “the right of trial by jury;” that is, no law may be passed denying, restricting or limiting this right, as it is known at the common law. But a requirement imposed by law upon the accused to demand his right before he may enjoy it is not a restriction, limitation or violation of such right.
This has been the uniform holding in Ohio for so long a time, and with such strong show of reason, that it ought not now to be disturbed, as will fully appear from the following cases.
One of the earliest cases decided by this court involving this question is that of Dailey v. State, 4 Ohio St., 57, where there was a,criminal prosecution in the probate court for the unlawful sale of intoxicating liquors. The statute regulating trial by jury in the probate court then provided “upon *141 a plea other than a plea of guilty, if the defendant do not demand a trial by jury, the probate judge shall proceed to try the issue.”
This was held to be a valid and constitutional statute in no wise violating the constitutional provision safeguarding the right of trial by jury.
Judge Kennon, speaking for the court, then composed of himself and Judges Thurman, Ranney, Bartley and Swan, said:
“Does this act in any sense interfere with the right of trial by a jury? If the act had provided, in express terms, that the accused might have his own choice of two modes of trial, either by the court or jury, as he might think proper, and if he supposed the court the safer mode of trial, should expressly waive his right of trial by jury, and request that the court should try the issue, it would be hard to see how his right of trial by jury was violated. The provision of the constitution was intended to limit the power of the legislature in this particular, and prohibit it from depriving the accused of the right to have a jury of twelve impartial men to pass on his guilt or innocence. That right still exists; all he has to do is to demand a jury trial, and the law awards it to him; but if he will not demand such trial, then the law authorizes the judge to try the issue. * * * The accused does not demand a jury, but submits to he tried by the court; and after trial, and after he is found guilty, says T have been deprived of my right of jury trial.’ But who deprived him of that right? Surely, not the court nor the statute.”
*142 True in the above case the record affirmatively-showed that the accused “did not demand a jury,” but had the record been silent touching this matter the presumption would be that the journal entry showed what had taken place, and the journal entry being silent as to a demand, which was necessary to secure a jury, the presumption would be that the accused was silent, in not demanding. The logic of the opinion, no less than the syllabus of the case* abundantly sustained the conviction there and sustains the conviction here.
The case of Billigheimer v. State, 32 Ohio St., 435, is to the same general effect. The prosecution there was in the police court of Cincinnati for a violation of the statute forbidding common labor on the first day of the week. The third paragraph of the syllabus of that case expressly holds:
“Unless the record shows that defendant demanded a jury, he will be deemed to have waived it.”
The statute controlling the police court in Cincinnati, however, at the time provided that:
“The power to hear and determine such offenses shall extend to cases where the accused is entitled to a trial by jury, if a jury be waived.”
That is, the affirmative act required of the accused before he might be tried without a jury was to waive it. Whereas, under the present statute of demanding a jury, the affirmative act of a demand is necessary before the accused may have a jury. The opinion of Judge Wright, however, goes much further, and holds that, the record being silent as to waiver, waiver is presumed:
*143 “The only question, therefore, is, did the defendant waive his right. As has been said the record indicates nothing on the subject. It merely shows that, when the court ordered the plea of not guilty filed, the cause proceeded and evidence was heard. It does not show that defendant demanded a jury, nor that he excepted to proceeding without one. This failure to avail himself of his rights must be held to be a giving of consent. * * *
“We think a defendant may waive his rights impliedly as well as expressly, and if he remains silent, when by speaking he could have obtained what he desired, it is too late to complain after his cause has proceeded to final adjudication.”
One of the latest Ohio cases touching this same subject is that of Simmons v. State, 75 Ohio St., 346. The syllabus of that case reads as follows:
“1. In a prosecution under Section 3718a, Revised Statutes [relating to cruelty to animals] upon a plea of not guilty, before the justice can acquire jurisdiction to hear the complaint and render final judgment in the case without the intervention of a jury, the accused must waive his right to a jury trial.
“2. Such waiver must clearly and affirmatively appear upon the record, and it can not be assumed or implied by a reviewing court from the silence of the accused, or his mere failure to demand a jury. (Dailey v. State, 4 Ohio St., 57, and Billigheimer v. State, 32 Ohio St., 435, distinguished.)”
In the Simmons case the court reversed the conviction below upon the record of the justice of the peace, which recited the following facts:
*144 “Trial was had on the 22d day of December, 1903, the parties being present. The defendant did not demand a jury.”
The court distinctly held that under the language of the statute then in force such a recital in the record of the court was not sufficient to show a waiver necessary to give the justice of the peace jurisdiction to try the cause. This holding is consistent with the syllabus of the Billigheimer case, supra, but in flat contradiction of the opinion in said case.
However, in the Simmons case, this court recognized and reaffirmed the doctrine of the Dailey case, as well as the syllabus in the Billigheimer case, when applied to the identical kind of statute involved in the instant case, that is, a statute requiring the accused to demand a jury in order to avail himself of the right of trial by jury.
Another claim has been urged upon this court to the effect that the right of trial by jury guaranteed by the Constitution of Ohio cannot be waived; in short, if the accused be entitled to a jury he must at all events have a jury, whether he wants it or no, and we are cited to the dissenting opinion of Mr. Justice Harlan in Schick v. United States, 195 U. S., 63.
Justice Harlan based his dissent, however, upon the peculiar wording of the Federal Constitution in this behalf.
In this federal case there was a prosecution under the federal law touching the subject of oleomargarine unstamped according to law. The defendants, in writing, waived a jury and agreed to *145 submit the issues to the court, the penalty being a mere fine. The question, therefore, was as to whether or not such a waiver was good in law.
The venerable Harlan held that the provision of Section 2, Article III, of the original Federal Constitution, to-wit, that the trial of all crimes, except in cases of impeachment, shall be by jury, was a mandatory provision which the defendant could not • waive, and that this mandatory provision was in no wise affected or modified by a subsequent change in the Constitution made by virtue of the 6th Amendment, to-wit, that the accused “shall enjoy the right to a speedy and public trial, by an impartial jury.” The 6th Amendment is in substance the Ohio constitutional provision, the latter provision reading that “The right of trial by jury shall be inviolate.”
Mr. Justice Harlan’s opinion is ■ so completely answered and reviewed by Mr. Justice Brewer, who wrote the opinion for the court, that that opinion deserves special mention. Touching the subject that defendant cannot voluntarily waive a jury to which he is entitled, the learned justice said at page 71:
“Can it be that a defendant can plead guilty of the most serious, even a capital, offense, and thus dispense with all inquiry by a jury, and cannot when informed against for a petty offense waive a trial by jury? Article six of the amendments, as we have seen, gives the accused a right to a trial by jury. But the same article gives him the further right ‘to be confronted with the witnesses against him * * * and to have the assistance *146 of counsel.’ Is it possible that an accused cannot admit and be bound by the admission that a witness not present would testify to certain facts? Can it be that if he does not wish the assistance of counsel and waives it, the trial is invalid? It seems only necessary to ask these questions to answer them. When there is no constitutional or statutory mandate, and no public policy prohibiting, an accused may waive any privilege which he is given the right to enjoy. Authorities in the state courts are in'harmony with this thought. In Commonwealth v. Dailey, 12 Cush. 80, the defendant in a misdemeanor case waived his right to a full panel and consented to be tried by eleven jurors, and this action was sustained by the Supreme Court of Massachusetts. Chief Justice Shaw, delivering the opinion of the court, said (p. 83): ‘He may waive any matter of form or substance, excepting only what may relate to the jurisdiction of the court.’ The same doctrine was laid down in Murphy v. Commonwealth, 1 Met. (Ky.) 365; Tyra v. Commonwealth, 2 Met. (Ky.) 1, and in State v. Kaufman, 51 Iowa, 578. In Connelly v. State, 60 Alabama, 89, a statute authorizing the waiver of a jury was sustained. The same rule was made in State v. Worden, 46 Connecticut, 349, which was a case of a felony. See also People v. Rathbun, 21 Wend. 509, 542.”
This language is so strikingly consistent with progressive common sense that it need not be supplemented.
Clearly this right is for the benefit of the accused. If he regards it in the particular case as a burden, *147 a hardship, a prejudice to a fair trial, why in the name of reason should he not be permitted to waive it and submit his cause to the magistrate? The local atmosphere with which jurors are more or less impregnated may not in his judgment have reached the magistrate. He may have the highest confidence in his sense of fairness and justice in determining the facts of his cause, and what was given to him generally, as a shield, should not be used as a sword in case he feels that a jury trial in such case would so result.
Moreover, such a construction is highly reactionary and exceedingly technical. It fits the old order of things, but is wholly out of touch with the new, the salutary, the reasonable.
It must follow, therefore, that under statutes requiring the demand for a jury before one may have a jury, the record must show not a waiver, but an affirmative demand, before the right to a jury is available to the accused, either upon trial or review.
The judgments of the courts below are affirmed.

Judgments affirmed.

Newman, Jones, Matthias and Johnson, JJ., concur.