STATE OF IOWA, Appellee, v. HARRY WILLIAMS et al., Appellants.

JURY: Right to Jury Trial—Waiver of Right. An indicted defendant
1  may not waive a jury trial.

INTOXICATING LIQUORS: Sentence—Imprisonment for Costs. A
2  conviction for maintaining a liquor nuisance may be followed by imprisonment for nonpayment of *costs.*

CRIMINAL LAW: Judgment—Failure to Specify Time of Imprison-
3  ment. A judgment of imprisonment for nonpayment of fine and costs, without specifying the number of days of imprisonment, is erroneous, but not void, and on appeal will be corrected by the entry of the judgment which the trial court should have entered.

CRIMINAL LAW: Appeal and Error—Review—Excessive Sentence.
4  The appellate court will not *presume* that a sentence is excessive.

*Appeal from Black Hawk District Court.*—GEORGE WOOD, Judge.

FEBRUARY 6, 1923.

DEFENDANTS were jointly indicted for the crime of liquor nuisance. The opinion states the facts. Judgment as to de-

fendant Williams ordered—*Modified and affirmed.*  Judgment as to defendant Munson—*Reversed and remanded.*

*John H. Meyers,* for appellants.

*Ben J. Gibson,* Attorney-general, for appellee.

DE GRAFF, J.—The defendants were jointly indicted for the crime of liquor nuisance.  The defendant Williams entered a plea of guilty and thereupon judgment was entered imposing "a fine of $1,000 and the costs of this action, including an attorney fee of $50, taxed in favor of the county attorney, and on default of the payment of said fine and costs, the defendant shall stand committed to the jail of Black Hawk County, Iowa, until the same are paid, as provided by law."

The defendant Munson appeared in person in open court with his attorney in answer to the crime charged in the indictment and waived trial to the jury and the cause was tried to the court "on the pleadings, proofs, and testimony introduced."

Thereupon the trial court found the defendant Munson guilty of the crime charged in the indictment and pronounced sentence imposing a fine of $500 together with the costs of the action including an attorney fee of $50, taxed in favor of the county attorney, and in default of the payment of said fine and costs the defendant to stand committed to the county jail of Black Hawk County, Iowa until said fine and costs are paid, as provided by law.  Judgment was entered accordingly.  Both defendants appeal.

I.  No difficulty presents itself under the declared law of this state in relation to the appeal of defendant Munson.  He could not waive a trial by jury, and therefore the court had no jurisdiction to try the cause and enter judgment.  *State v. Carman,* 63 Iowa 130; *State v. Rea,* 126 Iowa 65.

1. JURY: right to jury trial: waiver of right.

Munson's appeal must be sustained and the judgment entered reversed and it is so ordered.

II.  Defendant Williams contends for a reversal on the grounds (1) that the court was without jurisdiction to imprison him for default in the payment of costs or until fine and costs

2. Intoxicating Liquors: sentence: imprisonment for costs. are paid and (2) that the judgment entered by the court against him is uncertain and indefinite in that there is no period of time fixed by the judgment for imprisonment.

The instant judgment is not void by reason of the imposition of imprisonment in the county jail for nonpayment of a fine and costs. Under the provisions of Code Section 2384 a person convicted for the crime of maintaining a liquor nuisance is subject to the payment of a fine of not less than $300 nor more than $1,000 and costs of prosecution, which shall include a reasonable attorney's fee to be taxed by the court, "and stand committed to the county jail until such fine and costs are paid."

The trial court acted within the purview of the statute in entering judgment. Is the judgment void in that it fails to specify the extent of the imprisonment for default in the payment of fine and costs? The trial court should

3. Criminal law: judgment: failure to specify time of imprisonment. have defined the period of imprisonment upon default in conformity to Code Section 5440. See, *State v. Myers,* 44 Iowa 580. In a criminal appeal this court must examine the record without regard to technical errors or defects which do not affect the substantial rights of the parties, and render such judgment on the record as the law demands. It may affirm, reverse or modify the judgment, or render such judgment as the district court should have done. Code Section 5462.

When complaint is lodged against the judgment entered the defendant is privileged to have the error corrected on motion in the trial court or by appeal to this court. The judgment entered herein should have specified the extent of the imprisonment, and not in excess of one day for every three and one-third dollars of the fine and costs. Therefore, it is ordered that the judgment entered by the trial court be amended and corrected to conform with the statutes as herein construed.

It is urged by appellant Williams that the fine imposed is excessive. This court is not in a position to intelligently review this claim. There is no showing in the record either in mitiga-

4. CRIMINAL LAW: tion or of aggravation. A plea of guilty to the
appeal and error: crime charged is not a justification or reason
review: excessive
sentence.        for the appellant to ask the special favor of this
court in the matter of penalty. The statute authorizes the infliction of the penalty as recited in- the instant judgment, and the action of the trial court in imposing the maximum fine is consistent with present efforts to strictly enforce the provisions of the prohibitory law.

We discover no reversible error on the trial of the defendant Williams and the judgment as to him is therefore affirmed with directions to the trial court to correct the entry as herein indicated. Cause is reversed and remanded as to defendant Munson.

PRESTON, C. J., WEAVER and STEVENS, JJ., concur.