STATE OF IOWA, Appellee, v. EARL (BABE) STRICKER et al.,
Appellants.

CRIMINAL LAW: Judgment—Indefiniteness. A sentence which
1   specifies the length of time of imprisonment is all-sufficient, even
    though it does not specify the specific time when the imprisonment
    shall commence.

JURY: Waiver in Criminal Cases. An accused indicted for the crime
2   of gambling nuisance may not waive a jury.

Appeal from Black Hawk District Court.—GEORGE W. WOOD,
Judge.

JUNE 22, 1923.

DEFENDANTS were indicted jointly for the crime of gambling
nuisance. Defendants John Weller and Earl Stricker entered
pleas of guilty, and were sentenced. Weller was sentenced to
six months in the county jail, and Stricker for a period of nine
months. Defendant Chapman entered a plea of not guilty,
waived trial by jury, and was found guilty, on trial by the
court, and sentenced to a term of six months in the county jail.
All the defendants appeal. Judgment of the trial court is af-
firmed as to defendants Weller and Stricker, and reversed as to
defendant Chapman.—Affirmed in part; reversed in part.

J. C. Murtagh, for appellants.

Ben J. Gibson, Attorney-general, Maxwell A. O'Brien,
Assistant Attorney-general, and Walter R. French, County At-
torney, for appellee.

ARTHUR, J.—Errors relied upon by defendants Weller and
Stricker are that there is no finding by the court of guilt or con-
viction; that the judgments are so indefinite and uncertain that
they are void; that the judgments are indefinite, as there is no
provision in said judgments as to when sentence is to commence

or expire; that the sentences of defendants to six and nine months in the county jail are so severe and unusual that they should be set aside.

The error assigned by defendant Chapman is that the court acted beyond its jurisdiction in finding him guilty and in imposing sentence upon him without trial by jury.

I. Errors claimed by defendants Weller and Stricker are wholly without merit. Defendants complain that there is no judicial determination of the guilt of defendants. It is sufficient to say on this point that each of these defendants entered a plea of guilty, and record was made of the entering of such pleas, and judgments entered on the pleas, which record constitutes judicial determination of guilt. The judgments as to these defendants are not indefinite. It is true that the record does not recite the particular time when the sentences shall commence and when they shall end, but it does specify the length of time of such sentences, and that is sufficient on that point.

1. CRIMINAL LAW: judgment: indefiniteness.

II. The serious complaint by defendants Weller and Stricker, the one most strenuously insisted upon, is that the sentences imposed are unusual and too severe. What we said on this point in *State v. Williams*, 195 Iowa 374, is applicable in the instant case. We said:

"It is urged by appellant Williams that the fine imposed is excessive. This court is not in a position to intelligently review this claim. * * * A plea of guilty to the crime charged is not a justification or reason for the appellant to ask the special favor of this court in the matter of penalty. The statute authorizes the infliction of the penalty as recited in the instant judgment, and the action of the trial court in imposing the maximum fine is consistent with present efforts to strictly enforce the provisions of the prohibitory law."

It is well known that a gambling house is a serious menace in a community. Effects of its operation are exceedingly harmful. We find no warrant in the record for modifying the penalties imposed.

III. Defendant Chapman could not waive trial by jury, and the judgment of conviction and penalty imposed must be and are held to be void. *State v. Williams*, 195 Iowa 374.

2. JURY: waiver
in criminal
cases.

Results in affirmance as to appellants Stricker and Weller and reversal and remand for trial of the case as to appellant Chapman.— *Affirmed in part; reversed in part.*

PRESTON, C. J., EVANS and FAVILLE, JJ., concur.