STATE of Iowa, Appellee,

v.

Ronald Dean PILCHER, Appellant.

No. 53571.

Supreme Court of Iowa.

Oct. 14, 1969.

Life, Davis & Life, by Patrick J. Life, Oskaloosa, for appellant.

Richard C. Turner, Atty. Gen., William A. Claerhout, Asst. Atty. Gen., and Ray A. Fenton, County Atty., for appellee.

SNELL, Justice.

Defendant has appealed from judgment and sentence following jury verdict of guilty of rape as defined in section 698.1, Code of Iowa.

On January 12, 1967 Ronald Dean Pilcher was indicted for rape. Following his plea of not guilty he was tried, found guilty and sentenced to a term of 50 years imprisonment. On appeal the case was reversed for failure to submit to the jury the included offenses of assault with intent to commit rape, assault and battery, and assault. The case was remanded to the district court for a new trial. See State v. Pilcher, Iowa, 158 N.W.2d 631, filed May 7, 1968.

Upon retrial in December 1968 defendant was found guilty by a jury. Judgment was entered thereon and defendant was sentenced by the court to a term of 60 years imprisonment.

The shocking details of the offense need not be recited. They are not involved in this appeal. The sufficiency of the evidence to support conviction has not been questioned.

Only two alleged errors are relied on for reversal. They are:

1. The court erred in increasing the sentence over that previously imposed.

2. The court erred in denying defendant's request for trial by the court rather than by jury.

We will consider the claims in reverse order.

I. At the commencement of the trial defendant's counsel made the following motion:

"MR. LIFE: Comes now the defendant and does hereby move that the jury trial in

this case be waived, and that the defendant requests that this case be tried specifically before the Court, without a jury—."

Being doubtful of the propriety of such procedure the motion was resisted by the state and overruled by the court. Defendant now claims error.

Article III, section 2, Constitution of the United States, provides that the trial of all crimes, except impeachment, shall be by jury.

Article I, section 9, Constitution of the State of Iowa, provides that the right of trial by jury shall remain inviolate.

Section 777.16, Code of Iowa, provides:

"Issues of fact—trial. An issue of fact arises on a plea of not guilty or of former conviction or acquittal, and no further pleading is necessary. Issues of fact must be tried by a jury."

Section 780.23, Code of Iowa, provides:

"Questions of law and fact. On the trial of an indictment for any other offense than libel, questions of law are to be decided by the court, saving the right of the defendant and the state to except; questions of facts are to be tried by jury."

Questions involving the right to waive trial by jury are not new. An exhaustive analysis of the history, constitutionality and advantages of waiver appears in articles by Professor Rollin M. Perkins of Iowa College of Law in 16 Iowa Law Review #1, page 20 and #2, page 223.

In State v. Kaufman, 51 Iowa 578, 2 N. W. 275, one of the twelve jurors became ill and was discharged. With the consent of the defendant the trial before eleven jurors was resumed and concluded by the order of the court. Defendant was found guilty and appealed. The court said:

"It must, therefore, be regarded as the settled doctrine in this state that a defendant in a criminal action, with the consent of the state and court, may waive a statute enacted for his benefit." (loc. cit. 579, 2 N.W., at p. 275)

The court then discussed various waivers but did not decide whether defendant's waiver of jury trial without the consent of the state and court was permissible.

"The constitution provides that 'the right of trial by jury shall remain inviolate, * * * but no person shall be deprived of life, liberty or property without due process of law.' Article 1, § 9, Code 770. That the jury contemplated by the foregoing provisions should consist of twelve competent persons, will be conceded. The question for determination is, whether a defendant in a criminal action, with the consent of the State and court, can waive the foregoing constitutional provision and is bound thereby. The first impression would be, we think, that a constitutional provision could be waived as well as a statute. Both, in this respect, have equal force, and were enacted for the benefit and protection of persons charged with crime. If one can be waived, why not the other? A conviction can only be legally obtained in a criminal action upon competent evidence; yet, if the defendant fails at the proper time to object to such as is incompetent, he cannot afterward do so. He has a constitutional right to a speedy trial, and yet he may waive this provision by obtaining a continuance. A plea of guilty ordinarily dispenses with a jury trial, and it is thereby waived. This, it seems to us, effectually destroys the force of the thought that 'the state (the public) have an interest in the preservation of the lives and the liberties of the citizens, and will not allow them to be taken away without due process of law.' The same thought is otherwise expressed by Blackstone, vol. 4, p. 189, that 'the king has an interest in the preservation of all his subjects.'

"It matters not whether the defendant is in fact guilty, the plea of guilty is just as effectual as if such was the case. Reasons other than the fact that he is guilty may induce a defendant to so plead, and thereby the state may be deprived of the services

of the citizen, and yet the state never actually interferes in such case, and the right of the defendant to so plead has never been doubted. He must be permitted to judge for himself in this respect. So in the case at bar. The defendant may have consented to be tried by eleven jurors because his witnesses were there present and he might not be able to get them again, or that it was best he should be tried by the jury as thus constituted. Why should he not be permitted to do so? Why hamper him in this respect? Why restrain his liberty or right to do as he believed to be for his interest? Whatever rule is adopted affects not only the defendant, but all others similarly situated, no matter how much they desire to avail themselves of the right to do what the defendant desires to repudiate. We are unwilling to establish such a rule. It may be said that if one juror may be dispensed with, so may all but one, or that such trial may be waived altogether and the trial had to the court. This does not necessarily follow. It will be time enough to determine such questions when they arise." (loc. cit. 579–580 of 51 Iowa 276–277 of 2 N.W.)

In State v. Carman, 63 Iowa 130, 18 N.W. 691, the defendant waived in writing his right to trial by jury. There was a trial to the court, verdict of guilty and appeal. It was held that without a jury the court had no jurisdiction. The case was reversed.

Following this decision two convictions were reversed in State v. Larrigan, 66 Iowa 426, 23 N.W. 907. See also State v. Rea, 126 Iowa 65, 101 N.W. 507; State v. Williams, 195 Iowa 374, 191 N.W. 790, and State v. Stricker, et al., 196 Iowa 290, 194 N.W. 60.

In State v. Gaffney, 237 Iowa 1399, 1407, 25 N.W.2d 352, 356, this appears:

"While the parties to a civil trial can by agreement waive a jury under section 777.-16, Code 1946, it is provided that in a criminal trial: 'Issues of fact must be tried by a jury.' We have held the jury cannot be waived by consent of the parties in a criminal trial for an indictable offense. [Citations]"

The rule followed in these cases does not apply on appeal to district court from justice court. State v. Ill, 74 Iowa 441, 38 N.W. 143.

In the case before us defendant's waiver of trial by jury and request for trial by the court was properly overruled.

II. Following defendant's conviction on his first trial he was sentenced to imprisonment for 50 years. After retrial he was sentenced to 60 years. Sentence was pronounced December 17, 1968.

There is nothing in our statutes or our pronouncements that precluded the trial court from imposing a more severe penalty.

In State v. Kneeskern, 203 Iowa 929, 948, 210 N.W. 465, 473, this appears:

"In this case the defendant asked that the [former] verdict be set aside and it was set aside. The court on a second trial would not be precluded from imposing a more severe penalty than on the first."

Section 793.18, Code of Iowa, provides that upon appeal by the defendant the Supreme Court "may affirm, reverse, or modify the judgment, or render such judgment as the district court should have done, or order a new trial, or reduce the punishment, but cannot increase it."

By opinion filed June 23, 1969 the Supreme Court of the United States decided State of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. This decision was six months after sentence in the case before us but before submission of this appeal.

Defendant now claims that the imposition of an enhanced penalty constituted double jeopardy and violated his constitutional rights.

The Fifth Amendment to the Constitution of the United States protects against double jeopardy. The Fourteenth Amendment requires due process and equal protection of law. Comparable protections are provided by Article I, Constitution of the State of Iowa.

We need not discuss at length the issues raised by appellant. They have been thoroughly discussed and decided by the Supreme Court of the United States in the majority opinion, the concurring opinion and the partially concurring and dissenting opinions in Pearce, supra. The court said:

"We hold, therefore, that neither the double jeopardy provision nor the Equal Protection Clause imposes an absolute bar to a more severe sentence upon reconviction. A trial judge is not constitutionally precluded, in other words, from imposing a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant's 'life, health, habits, conduct, and mental and moral propensities.' Williams v. New York, 337 U.S. 241, 245, [69 S.Ct. 1079, 1082, 93 L.Ed. 1337]. Such information may come to the judge's attention from evidence adduced at the second trial itself, from a new presentence investigation, from the defendant's prison record, or possibly from other sources. * * *

"To say that there exists no absolute constitutional bar to the imposition of a more severe sentence upon retrial is not, however, to end the inquiry. There remains for consideration the impact of the Due Process Clause of the Fourteenth Amendment. * * *

"Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

"In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."

In the case before us there is neither claim nor suggestion that the trial judge was motivated in the slightest degree by vindictiveness. The details of the offense were shocking and the evidence loathsome. The victim was sadistically abused. The trial judge undoubtedly felt justified in imposing an increased penalty. The reasons, however, do not appear in the record. There was no such requirement at the time. There is now such a requirement under the Pearce decision.

■ Because of our authority under section 793.18, Code of Iowa, referred to supra, we need not consider the retrospective application of the rule stated in Pearce. Only the "constitutional legitimacy of the increased sentence" need be reviewed. Here the constitutional legitimacy of the extra 10 years does not appear. We have statutory authority to bring the sentence within proper limits.

No objection to reduction of sentence rather than remand has been made although mentioned during oral submission.

The sentence of 60 years is reduced to 50 years. Except as so modified the case is affirmed.

Modified and affirmed.

GARFIELD, C. J., and MOORE, STUART, and MASON, JJ., concur.

RAWLINGS and BECKER, JJ., concur specially.

LARSON and LeGRAND, JJ., concur in the result.

RAWLINGS, Justice (concurring specially).

In the case at bar defendant alone requested trial to the court, waiving right of trial to a jury. The prosecuting attorney resisted. Thereupon trial court ordered the case be tried to a jury.

The majority holds trial court was correct, and upon the factual situation presented I agree.

However, that does not mean I adopt the view inferentially expressed by the majority to the effect a jury trial may never be waived in connection with a felony prosecution.

Despite our prior decisions to the contrary, I am satisfied and would now hold, trial to a jury may be waived in such cases (1) if defendant, in writing or orally in open court, waives trial to a jury and consents that his case be tried to the court alone, (2) subject to the right of the county attorney, in writing or orally in open court, to resist for good cause shown, and (3) if trial court, in the exercise of sound judicial discretion, finally determines and orders trial to a jury shall be waived.

In support of this view see Singer v. United States, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630, and American Bar Association Project on Minimum Standards for Criminal Justice, Trial by Jury, Approved Draft, section 1.2, and attendant commentary.

BECKER, J., joins in this special concurrence.