**STATE of Iowa, Appellee,**

v.

**Rodrick D. HENDERSON, Appellant.**

**No. 63510.**

Supreme Court of Iowa.

Jan. 23, 1980.

**584**

Gary K. Anderson, Troyce A. Wheeler and Richard H. Gross, Council Bluffs, for appellant.

Joseph J. Hrvol, Asst. Pottawattamie County Atty., for amicus curiae Pottawattamie County Attorney.

Considered by LeGRAND, P. J., and REES, UHLENHOPP, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

We granted discretionary review of the trial court's order overruling defendant Rodrick D. Henderson's motion for bench trial on a charge of willful injury under § 708.4, The Code. We must decide whether Iowa R.Crim.P. 16(1) gives a defendant an absolute right to waive a jury and be tried by the court. The trial court held it does not. We hold that it does and therefore reverse.

Rule 16(1) provides: *"Trial by court allowed. Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in a recorded proceeding in open court."* In this case defendant concededly waived a jury trial upon a complete record made in open court. After finding the waiver was voluntary and intelligent, the court held it nevertheless had authority to require the case to be tried by jury. On this basis, the motion for bench trial was overruled.

The State did not resist defendant's motion for bench trial. In fact it filed a motion for reconsideration of the court's ruling which was overruled. Because the attorney general agrees with the defendant's position, he elected not to file an appellee's brief. However, the Pottawattamie county attorney was granted leave to file an amicus curiae brief in support of the trial court's order and was permitted to argue orally for that position upon submission of the appeal.

The two issues presented in the appeal are (1) whether a defendant's absolute right of waiver of jury trial is precluded by the provisions for jury trial in the United States and Iowa Constitutions and (2) whether Iowa R.Crim.P. 16(1) gives a defendant an absolute right to waive jury trial and obtain a bench trial.

**■** *I. The constitutional provisions.* The United States Constitution contains two provisions relating to the subject, one in article III, section 2, and the other in the sixth amendment. Article III, section 2, provides in relevant part: "The trial of all Crimes, except in Cases of Impeachment, shall be by Jury . . .." The sixth amendment provides in part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . .." These provisions "mean substantially the same thing." *Patton v. United States,* 281 U.S. 276, 298, 50 S.Ct. 253, 258, 74 L.Ed. 854, 863 (1930). They confer a personal right upon the accused "which he may forego at his election." *Id.* No federal constitutional barrier exists to waiver by a defendant of his right to jury trial. *See also Singer v. United States,* 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965).

**■** The Iowa Constitution also contains two provisions relating to a defendant's right to jury trial, both in article I. Section 9 provides in relevant part: "The right of trial by jury shall remain inviolate; but the General Assembly may authorize trial by a jury of a less number than twelve men in

inferior courts . . .." Section 10 provides in part: "In all criminal prosecutions, and in cases involving the life, or liberty of an individual the accused shall have a right to a speedy and public trial by an impartial jury . . .."

Until repeal of §§ 777.16, and 780.23, The Code 1977, effective with the criminal code revision of January 1, 1978, jury trial of felony cases was mandatory in Iowa and could not be waived. *See State v. Fagan*, 190 N.W.2d 800, 801–02 (Iowa 1971). Our cases, however, consistently recognized that this bar to waiver was statutory. *See, e. g., id.; State v. Pilcher*, 171 N.W.2d 251, 252–53 (Iowa 1969); *State v. Rea*, 126 Iowa 65, 101 N.W. 507 (1904) (per curiam); *State v. Douglass*, 96 Iowa 308, 65 N.W. 151 (1895); *State v. Carman*, 63 Iowa 130, 18 N.W. 691 (1884).

In *Douglass*, the defendant waived a jury and was tried and convicted by the court. On appeal, the State defended the waiver by contending nothing in Iowa Const. art. I, §§ 9, 10, prohibited it. The court rejected this contention on the basis of the statute rather than the constitution, saying: "The question is not whether rights which are guaranteed by the constitution may be waived, but whether an absolute provision of the law may be set aside, and a power which the statute has withheld be conferred by agreement. Our conclusion [is] that it cannot be done; that a jury cannot be waived, and a trial had by the court, *when there is no provision of law authorizing it* . . . .." *Id.* at 309–10, 65 N.W. at 151–52 (emphasis added).

In *State v. Ill*, 74 Iowa 441, 38 N.W. 143 (1888), the court upheld waiver of jury trial in a misdemeanor appeal on the ground that the statute did not prohibit waiver in the trial of a misdemeanor appeals. This was done despite the language in Iowa Const. art. I, § 10, giving an accused the right to jury trial "[i]n all criminal prosecutions." Moreover, in a precursor to the decision of the United States Supreme Court in *Patton*, this court held in *State v. Kaufman*, 51 Iowa 578, 2 N.W. 275 (1879), that an Iowa defendant could waive his right to be tried by a jury of twelve, a right which the court equated in principle with the right of trial by jury.

These cases led one commentator to conclude: "There is every reason to believe that a statutory provision by which it should be optional with the accused to be tried either by the jury or by the court alone would be held to be constitutional and valid." Perkins, *Proposed Jury Changes in Criminal Cases* (pt. I), 16 Iowa L.Rev. 20, 52 (1930). This view was confirmed in *State v. Sereg*, 229 Iowa 1105, 1114, 296 N.W. 231, 235 (1941), when this court said, "There is nothing in the Constitutions of the State of Iowa or of the United States which declares an intention to deprive an accused on trial of the power to refuse to assert his constitutional right to trial by jury. The prohibition is placed upon the government and not upon him."

Courts in other states have reached the same conclusion under identical or analogous constitutional provisions. *See Munsell v. People*, 122 Colo. 420, 428–30, 222 P.2d 615, 618–20 (1950); *State v. Worden*, 46 Conn. 349 (1878); *People v. Spegal*, 5 Ill.2d 211, 125 N.E.2d 468 (1955); *Fluty v. State*, 224 Ind. 652, 660, 71 N.E.2d 565, 568 (1947); *Short v. Commonwealth*, 519 S.W.2d 828 (Ky.1975); *State v. White*, 33 La.Ann. 1218, 1219–21 (1881); *Rose v. State*, 177 Md. 577, 579–81, 10 A.2d 617, 618–19 (1940); *People v. Henderson*, 246 Mich. 481, 224 N.W. 628 (1929); *State v. Hernandez*, 46 N.M. 134, 123 P.2d 387 (1942); *State v. Smith*, 123 Ohio St. 237, 246–49, 174 N.E. 768, 771–72 (1931); *State v. Maguire*, 529 P.2d 421, 422 (Utah 1974).

We conclude that sections 9 and 10 of article I of the Iowa Constitution give the accused in a criminal case a personal right to trial by jury which he may waive unless barred from doing so by statute or rule. Nothing in these constitutional provisions makes his waiver subject to the consent of the prosecutor or the state.

Therefore the relevant provisions of the federal and state constitutions do not prevent a defendant from waiving a jury and insisting on a bench trial.

■ *II. Iowa R.Crim.P. 16(1).* The remaining issue is whether a defendant has such a right in Iowa. The right to waive a jury trial does not establish a constitutional right to a nonjury trial. This was made clear under the United States Constitution in *Patton v. United States*, 281 U.S. at 313, 50 S.Ct. at 263, 74 L.Ed. at 870, where the Court formulated a rule for the federal courts based on common law tradition that "before any waiver [of a jury trial] can become effective, the consent of government counsel and the sanction of the court must be had . . .." This rule was later incorporated in Fed.R.Crim.P. 23(a), which provides: "Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government." When rule 23(a) was subsequently attacked as violating an accused's right to waive his federal constitutional right to jury trial, the Supreme Court upheld the rule, saying, "The ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right." *Singer v. United States*, 380 U.S. at 34–35, 85 S.Ct. at 790, 13 L.Ed.2d at 638.

A similar view under the Iowa Constitution is demonstrated in the decisions upholding the former statutory bar to nonjury trial of criminal cases. *E. g., State v. Fagan*, 190 N.W.2d at 801 ("The rule is not founded upon the inability of the defendant to waive a right in his favor, but upon the authority of the legislature, under the constitution, to mandate the manner in which prosecutions shall be tried.").

Hence this case turns on whether the legislature intended Iowa R.Crim.P. 16(1) to confer upon a defendant the right to waive a jury and insist on a nonjury trial over the objection of the prosecutor or the court.

The rule is not as explicit as rule 511(a) of the Uniform Rules of Criminal Procedure, which provides: "If the defendant has a right to trial by jury, the trial shall be by jury unless the defendant understandingly and voluntarily waives the right in open court, in which case the trial shall be by the court." 10 Uniform Laws Annotated 256 (1974). However, rule 16(1) does provide that cases required to be tried by a jury shall be so tried "unless the defendant waives a jury trial in a recorded proceeding in open court." It is difficult to understand how the use of the word "unless" could mean anything other than that if a jury is waived the alternative mode of trial must be used.

This reading of the rule is confirmed by its legislative history. The original draft considered by the drafting subcommittee was identical to Fed.R.Crim.P. 23(a) and presumably was intended to have the same meaning. However, the subcommittee struck the requirement of consent of the court and prosecutor and brought the rule into conformity with the 1971 amendment to § 777.16, The Code 1971, which permitted waiver of jury trial in misdemeanor prosecutions. In *State v. Fagan*, we treated the amendment to section 777.16 as establishing a right to nonjury trial. *See* 190 N.W.2d at 801–02. The history of the rule is summarized in J. Yeager & R. Carlson, 4 Iowa Practice: Criminal Law and Procedure § 1122, at 253–54 (1979). In eliminating the provision requiring consent of the court and prosecutor and in conforming the rule to the statute permitting a defendant to insist on a nonjury trial of a misdemeanor charge, the legislature manifested an intention to give defendants the unilateral right to waive a jury and be tried by the court.

We hold that rule 16(1) gives an accused an absolute right to waive jury trial and obtain a nonjury trial. The trial court erred in holding otherwise.

REVERSED.