## STATE OF CONNECTICUT *v.* EDWARD PARKER
### (AC 21043)

Dranginis, Flynn and Daly, Js.

Argued October 15—officially released December 18, 2001

*William A. Snider,* for the appellant (defendant).

*Margaret Gaffney Radionovas,* assistant state's attorney, with whom, on the brief, was *Scott J. Murphy,* state's attorney, for the appellee (state).

*Opinion*

DALY, J. The defendant, Edward Parker, appeals from the judgment of conviction of murder in violation of General Statutes § 53a-54a,[1] rendered after his guilty

---

[1] General Statutes § 53a-54a (a) provides in relevant part: "A person is guilty of murder when, with the intent to cause the death of another person, he causes the death of such person . . . ."

plea under the *Alford* doctrine.[2] On appeal, the defendant claims that the trial court improperly (1) accepted his guilty plea because it was not made knowingly, intelligently and voluntarily, and (2) denied his motion to withdraw his guilty plea. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of this appeal. On September 15, 1995, Omar Honore was a passenger in a motor vehicle being operated by the defendant in New Britain. While driving toward Berlin, the defendant fatally shot Honore twice in the head with a .22 caliber handgun. The defendant was arrested and charged with murder in violation of § 53a-54a (a) and felony murder in violation of General Statutes § 53a-54c. On June 4, 1999, a substitute information was filed, charging the defendant with murder in violation of § 53a-54a (a) and robbery in the first degree with a deadly weapon in violation of General Statutes § 53a-134 (a) (2).

On July 20, 1999, the defendant pleaded guilty to the murder count in exchange for a prison sentence of thirty years. During the trial court's canvass of the defendant, the defendant informed the court that he wanted to say something. In response, the court stated that the correct time in which to make a statement would be during the sentencing hearing. Upon concluding the canvass, the court accepted the defendant's plea of guilty under the *Alford* doctrine, finding that it was made knowingly and voluntarily, with the assistance of competent counsel.

On October 14, 1999, the defendant appeared before the court for sentencing under the plea agreement. Dur-

[2] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). "A defendant who pleads guilty under the *Alford* doctrine does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea." (Internal quotation marks omitted.) *State* v. *Webb*, 62 Conn. App. 805, 807 n.1, 772 A.2d 690 (2001).

ing the sentencing hearing, the defendant reiterated that he would like to speak. The defendant stated that he "was not happy with [his] lawyer" and was seeking the aid of new counsel. In response, the court informed the defendant that his plea of guilty was accepted at the prior court date and could not now be changed in the absence of some legal justification. Because the defendant failed to state a sufficient reason that would permit the court to allow him to withdraw his plea of guilty other than that he "was not happy with [his] lawyer," the trial court denied his request to withdraw his guilty plea and sentenced him to the agreed on thirty years in prison. Additional facts will be discussed where relevant to the issues raised.

I

The defendant's first claim is that the court improperly accepted his guilty plea because it was not made knowingly, intelligently and voluntarily. The defendant claims that the court's failure to ascertain the substance of what he wanted to say before entering his plea rendered his plea of guilty defective and violated constitutional principles and Practice Book § 39-20.[3] We are not persuaded.

The defendant did not preserve this claim at trial, but seeks to have it reviewed pursuant to *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989). In *Golding*, our Supreme Court held that "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging

---

[3] Practice Book § 39-20 provides in relevant part: "The judicial authority shall not accept a plea of guilty . . . without first determining, by addressing the defendant personally in open court, that the plea is voluntary and is not the result of force or threats or of promises apart from a plea agreement. . . ."

the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) Id., 239–40. "In the absence of any one of these conditions, the defendant's claim will fail." Id., 240.

In this case, the defendant satisfies the first two prongs of *Golding* because an adequate record exists to review his claim and he alleges a constitutional violation. The defendant, however, cannot prevail under the third prong of *Golding* because he cannot demonstrate that a constitutional violation clearly exists that clearly deprived him of a fair trial.

In determining the validity of a plea, "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina* v. *Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). "The question of an effective waiver of a federal constitutional right in a proceeding is of course governed by federal standards." *Boykin* v. *Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). The United States Supreme Court enunciated in *Boykin* that several federal constitutional rights are waived when a defendant pleads guilty: the privilege against compulsory self-incrimination; the right to trial by jury; and the right to confront one's accusers. Id. A waiver of these rights cannot be presumed from a silent record. Id. The trial court is required to address the defendant personally to ascertain whether the plea that the defendant intends to enter has been made voluntarily and knowingly. These requirements also have been codified in Practice Book § 39-19.[4]

---

[4] Practice Book § 39-19 provides: "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he or she fully understands:

A review of all the relevant circumstances clearly indicates that the defendant intelligently and voluntarily entered his *Alford* plea. Although initially stating that he wanted to say something to the trial court, the defendant, after speaking to his attorney, agreed to postpone making any statements until the sentencing hearing. In proceeding with the canvass, the court went to great lengths to ensure that the plea of guilty was made intelligently and voluntarily, and that the defendant knew of the ramifications that would follow if the plea were to be accepted.

The court read the statute under which the defendant was pleading guilty, stating the maximum and minimum sentences that he could face. The defendant affirmatively stated that he understood the rights that he was giving up by pleading guilty and that he was satisfied with the advice he had received from his attorney. Additionally, the court informed the defendant that he could not withdraw his plea if it were accepted. Specifically, the court asked the defendant, "Do you understand if I accept your guilty plea here today, you cannot come back to this court after today and move to withdraw the guilty plea, unless there is a legal reason to do so," to which the defendant responded, "I understand." The court then stated, "What that means, simply put, Mr.

"(1) The nature of the charge to which the plea is offered;

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

"(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and

"(5) The fact that he or she has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he or she has the right to be tried by a jury or a judge and that at that trial the defendant has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him or her, and the right not to be compelled to incriminate himself or herself."

Parker, is that once I accept your guilty plea today, you can't change your mind. Do you understand?" The defendant replied, "Yes, I do." Upon concluding that the defendant's plea was knowingly and voluntarily made, and that the defendant understood that once accepted, his plea could not later be withdrawn, the court accepted the plea.

To ensure further that the plea was entered into intelligently and that the canvass was complete as to the issue of self-incrimination, the court recalled the defendant into court. During this second canvass, the defendant once again stated that he understood that he could not withdraw his plea at a later date. At the conclusion of the second canvass, the court once again found that the defendant's plea was made knowingly and voluntarily.

In complying with the mandates of Practice Book § 39-19, the court properly determined that the defendant's plea of guilty was made voluntarily, knowingly and intelligently, consistent with constitutional principles. The defendant, therefore, has failed to demonstrate that a constitutional violation clearly exists that clearly deprived him of a fair trial.

## II

The defendant's second claim is that the court improperly denied his motion to withdraw his guilty plea[5] because the plea was not made voluntarily. We are not persuaded.

"A guilty plea, once accepted, may be withdrawn only with the permission of the court. . . . The court is required to permit the withdrawal of a guilty plea upon proof of any ground set forth in Practice Book § [39-

---

[5] According to the defendant, although there was no formal motion to withdraw his plea, this was the trial court's understanding of the defendant's intention and was treated as such.

27]. . . . Whether such proof is made is a question for the court in its sound discretion, and a denial of permission to withdraw is reversible only if that discretion has been abused." (Internal quotation marks omitted.) *State* v. *Gundel*, 56 Conn. App. 805, 812, 746 A.2d 204, cert. denied, 253 Conn. 906, 753 A.2d 941 (2000). "The burden is always on the defendant to show a plausible reason for the withdrawal of a plea of guilty." (Internal quotation marks omitted.) *State* v. *Andrews*, 253 Conn. 497, 505–506, 752 A.2d 49 (2000).

After a plea is accepted, Practice Book § 39-27 provides the circumstances under which a plea can be withdrawn. In the present case, the defendant claims that he should have been able to withdraw his plea because it was "accepted without substantial compliance with [Practice Book] § 39-19" and because "the plea was involuntary . . . ." Practice Book § 39-27 (1) and (2). Having concluded in part I of this opinion that the defendant's plea was accepted in accordance with the requirements of Practice Book § 39-19 and that the plea was made voluntarily, we conclude that the trial court did not abuse its discretion in refusing to allow the defendant to withdraw his guilty plea.

The judgment is affirmed.

In this opinion the other judges concurred.