[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
The petitioner, Francis Anderson, alleges in his petition for a Writ of Habeas Corpus originally filed with the Court on March 26, 1998, and amended on August 20, 1999,[1] that he was denied the effective assistance of counsel at the trial level in violation of the Sixth andFourteenth Amendments to the United States Constitution as well as Article I, Section 8 of the Constitution of the State of Connecticut. For the reasons set forth more fully below, the petition shall be denied.
The claim of ineffective assistance of counsel specifically alleges that the petitioner's trial defense counsel's representation was deficient in that he failed to "present to the sentencing court the petitioner's mental health history and low level of intelligence which was important information for the sentencing court to know when considering mitigating factors behind the petitioner's admitted conduct." In his claim for relief the petitioner asks that his plea of guilty be vacated and the matter be set down for trial. While the petition raises one specific deficiency that relates to sentencing only, the testimony at the habeas trial brought up other matters that could have some relevance on the validity of the guilty plea. Given the attempt, although improperly filed, by the petitioner to amend the petition to attack the guilty plea, the Court will address those issues as well.
This matter came on for trial before the Court on January 23, 2003. The petitioner and his trial defense counsel, Attorney Matthew Collins, were the only witnesses who testified at the trial. In addition, the Court received a transcript of the petitioner's June 4, 1997 plea before Judge Lawrence Klaczak and his sentencing before Judge Jonathan J. Kaplan on August 7, 1997 into evidence. The Court has reviewed all of the testimony and evidence and makes the following findings of fact.
 Findings of Fact
1. The petitioner was the defendant in the criminal case of State v.CT Page 1268 Anderson, Docket Number CR96-60508 tried in the Judicial District of Tolland where he was charged by information of Assault upon an employee of the Department of Corrections in violation of CGS § 53a-167c (a) (4).[2] The petitioner was represented throughout all of the proceedings in this matter by Attorney Matthew Collins, a private practitioner with offices in the town of Manchester, Connecticut.
 2. On June 4, 1997, on the eve of jury selection, the petitioner and his counsel reached a pretrial agreement with the state whereby the petitioner would enter a plea of guilty to the charge in exchange for which the state would agree to a cap of three years with the right to argue for less at the time of sentencing.
 3. The trial court, KlacZak, J., conducted a detailed inquiry into the voluntariness and providence of the petitioner's plea. During this inquiry, the state's attorney presented a brief explanation of the facts surrounding the arrest of the petitioner and the basis for the charges.
 4. Prior to accepting the petitioner's plea and entering a finding of guilty, the Court inquired if: the petitioner had had sufficient time in which to consult with his attorney; whether his attorney had explained the elements of the charged offense; and, whether he was satisfied with his lawyer's representation. The petitioner answered in the affirmative to all of these questions. The Court also ascertained whether the petitioner wished to give up his right to plead not guilty, to waive his rights to a jury trial, to confront and cross-examine his accusers and present defenses. Again the petitioner answered yes.
 5. The Court specifically asked the petitioner if anybody was putting any pressure upon the petitioner or forcing him to plead guilty. The petitioner answered no. He stated that his guilty plea was of his own free will and voluntary after having had discussions with his attorney.
 6. The Court then went on to explain the elements of the charged crime and ascertained that the defendant understood those elements. The petitioner agreed with the prosecutor's recitation of the facts, except that he stated that there was no blood in the saliva.[3]
7. Thereafter, the petitioner was convicted of the charged offenses in accordance with his plea and his case continued for sentencing. CT Page 1269
 8. Sentencing was before the Court, Kaplan, J., on August 7, 1997. The petitioner had been continuously confined (except for a five-day period in 1991) from 1986 through sentencing. During his incarceration, he had accumulated 362 disciplinary tickets and had been convicted of seven felonies.
 9. The Court, after consideration of argument by the prosecutor, the presentence investigation, a statement by the victim, a pre-sentencing memorandum prepared by Attorney Collins, an argument by Attorney Collins and a statement by the petitioner sentenced the petitioner to three years to be served consecutive to his existing sentence.
 10. Attorney Matthew Collins, who had been admitted to practice here in Connecticut in 1985, represented the petitioner. The petitioner met with his lawyer numerous times, perhaps as many as thirty or forty times in the course of preparation for this case.
 11. Attorney Collins conducted a full pretrial investigation, sought discovery of the personnel records of the victim, explored various constitutional issues and actively engaged in pretrial negotiations with the state to attempt to obtain a favorable plea agreement. At one point during his representation, Attorney Collins had managed to negotiate an agreement whereby the petitioner would plead guilty in exchange for a one-year sentence, however, the petitioner rejected this pretrial offer.
 Discussion of Law
Any claim of ineffective assistance of counsel must satisfy both prongs of the test set forth by the United States Supreme Court in Stricklandv. Washington, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh. denied467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d (1984) before the Court can grant relief. Specifically, the petitioner must first show "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel' guaranteed the defendant by the Sixth Amendment." Strickland, infra
at 687. If, and only if, the petitioner manages to get over the first hurdle, then the petitioner must clear the second obstacle by proving "that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, infra at 687. In short, the petitioner must show CT Page 1270 both deficiency and prejudice. A failure to prove both, even though counsel's trial performance may have been substandard, will result in denial of the petition.
"Although Strickland applies generally to the evaluation of whether ineffective assistance of counsel during criminal proceedings has infringed on a petitioner's constitutional rights, the United States Supreme Court has articulated a modified prejudice standard for cases in which the conviction has resulted from a guilty plea. See Hill v.Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Hill
requires the petitioner to demonstrate that he would not have pleaded guilty, that he would have insisted on going to trial and that the evidence that had been undiscovered or the defenses he claims should have been introduced were likely to have been successful at trial." Copas v.Commissioner 234 Conn. 139, at 151 (1995). Given this modified standard to be applied to plea cases, the petitioner must first prove that the performance by his trial defense counsel was deficient and, that absent this deficient performance, the petitioner would have pled not guilty, would have gone to trial, and been acquitted.
Trial in this Court of a habeas petition is not an opportunity for a new counsel to attempt to re-litigate a case in a different manner. It is indisputable fact that many times if one had foreknowledge of certain events; different courses might well have been taken. Likewise, a habeas court knowing the outcome of the trial "may not indulge in hindsight to reconstruct the circumstances surrounding the challenged conduct, but must evaluate the acts or omissions from trial counsel's perspective at the time of trial." Beasley v. Commisioner of Corrections,47 Conn. App. 253 at 264 (1979), cert. den. 243 Conn. 967 (1998). "A fair assessment of an attorney's performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances to counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Henry v. Commissioner ofCorrection, 60 Conn. App. 313 at 317 (2000).
It is not necessary to consider whether a trial counsel's performance was deficient if the habeas Court is satisfied that there was no prejudice to the defendant by the actions of the trial counsel in representing the petitioner. "A reviewing court can find against a petitioner on either ground, whichever is easier. Strickland v.Washington, supra, 697; see Nardini v. Manson, 207 Conn. 118, 124,540 A.2d 69 (1988) ("[a] court deciding an ineffective assistance of CT Page 1271 counsel claim need not address the question of counsel's performance, if it is easier to dispose of the claim on the ground of insufficient prejudice')" Valeriano v. Bronson, 209 Conn. 75 at 86 (1988).
It is upon this second shoal, the lack of prejudice resulting from the trial defense counsel's deficient performance, that the petitioner's vessel ultimately runs aground. It is most unlikely that Attorney Collins could have provided a better quality of representation to the petitioner. Indeed, given the petitioner's abysmal past record, it is clear that Attorney Collins gave the petitioner good and correct advice when he told him that he would probably be convicted at trial and sentenced to up to ten years as permitted by the statute. "[G]uilt, or the degree of guilt, is at times uncertain and elusive, an accused, though believing in or entertaining doubts respecting his innocence, might reasonably conclude a jury would be convinced of his guilt and that he would fare better in the sentence by pleading guilty. McCoy v.United States, 124 U.S. App. D.C. 177, 179, 363 F.2d 306, 308 (1966)." See NorthCarolina v. Alford, 400 U.S. 25 at 33 (1970).
In the instant case, the petitioner was charged with assault upon a corrections officer that would have, had he been convicted on all charges, exposed him to a sentence of up to an additional ten years in prison. While it is true that there may have been some evidence that the spitting was in response to an assault by the corrections officer, the petitioner's past felony record, numerous disciplinary tickets (including prior spitting incidents) would have made it exceedingly difficult, if not nigh unto impossible, for him to take the stand in his own defense. It is clearly understandable then why the petitioner would have made the voluntary decision to plead guilty in order to minimize his potential exposure and try to obtain a more favorable result at sentencing "Reasons other than the fact that he is guilty may induce a defendant to so plead . . . [and he] must be permitted to judge for himself in this respect.State v. Kaufman, 51 Iowa 578, 580, 2 N.W. 275, 276 (1879)." See NorthCarolina v. Alford, 400 U.S. 25 at 33 (1970). By making the pragmatic decision to plead guilty, even though he may have believed he had some sort of defense, the petitioner avoided a potential ten-year prison sentence.
The ultimate decision as to whether a criminal defendant pleads guilty or pleads not guilty rests with the individual charged with the crime. A criminal defendant has an absolute Constitutional right to persist in a plea of not guilty, even in the face of seemingly insurmountable obstacles. It is not, and never has been, for the trial defense counsel to decide the plea that his client should enter. However, "[b]ecause a defendant often relies heavily on counsel's independent evaluation of the CT Page 1272 charges and defenses, the `right to effective assistance of counsel includes an adequate investigation of the case to determine facts relevant to the merits or to the punishment in the event of conviction.'Copas v. Commissioner of Correction, 234 Conn. 139, 154 (1995)." SeeBaillargeon v. Commissioner of Correction, 67 Conn. App. 716 at 721
(2002). Consequently, an attorney who fails to conduct an adequate investigation may well be providing ineffective representation.
However, in the instant case, it is clear that Attorney Collins did all that he could have done to represent his client's interests.[4] He did his best to provide quality representation to a client who had major legal difficulties.
Even though the petitioner had rejected an even more favorable offer, Attorney Collins did manage to salvage a favorable plea bargain for his client, "To satisfy the prejudice prong, the petitioner must show a `reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."' Baillargeonv. Commissioner of Correction, 67 Conn. App. 716 at 722 (2002). Here, despite the possibility of there being a potential defense to the charges, the petitioner made the conscious decision to elect to take the pragmatic approach of pleading guilty in order minimize his exposure. The petitioner made the voluntary decision to take that course rather than to insist upon a not guilty plea and a trial on the merits. "In determining the validity of a plea, "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' North Carolina v. Alford,400 U.S. 25, 31 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)." State v. Parker,67 Conn. App. 351 at 354 (2001). Rather than prove that, but for his trial defense counsel's inadequate performance, the petitioner would have elected to plead not guilty and taken the case to trial, it is clear that the petitioner did make a voluntary and intelligent choice to plead guilty and avoid the potential of a ten-year sentence. Given the petitioner's voluntary and intelligent choice to plead guilty, this Court will deny the petition for habeas corpus.
Accordingly, the Petition for a Writ of Habeas Corpus is denied.
 ___________________ S.T. Fuger, Jr., Judge