[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
The petitioner, David Osuch, alleges in his petition for a Writ of Habeas Corpus originally filed with the Court on June 29, 2001, and amended on May 6, 2002, that he was not competent at the time he entered his guilty plea, and that he was denied the effective assistance of counsel at the trial level in violation of the Sixth and
Fourteenth Amendments to the United States Constitution as well as Article I, Section 8 of the Constitution of the State of Connecticut. For the reasons set forth more fully below, the petition shall be denied.
The claim of ineffective assistance of counsel specifically alleges that the petitioner's trial defense counsel's representation was deficient in that he failed to "ensure that the petitioner's plea was knowing, intelligent and voluntary." In his claim for relief, the petitioner asks that his plea of guilty be vacated and the matter be set down for trial. This matter came on for trial before the Court on January 27, 2003. The petitioner, his trial defense counsel, Attorney Joseph Lopez, and David Mantel, PhD. testified at the trial. In addition, the Court received a transcript of the petitioner's March 1, 2001 plea and sentencing before Judge Burton Kaplan into evidence. The Court has reviewed all of the testimony and evidence and makes the following findings of fact.
 Findings of Fact
1. The petitioner was the defendant in the criminal case of State vs. Osuch, Docket Number CROO-016398 in the Judicial District of Fairfield at Bridgeport, GA-2 where he was charged by information with two counts of Assault upon an employee of the Department of Corrections in violation of CGS § 53a-167c (a) (1).[1] Attorney Joseph Lopez, a member of the Public Defender's Office in the Bridgeport courthouse, represented the petitioner throughout all of the proceedings in this matter. CT Page 1350
 2. In January 2001, the petitioner was convicted of five counts of Burglary in the third Degree and sentenced to a total effective sentence of twenty years.
 3. The assault upon the Department of Corrections employee was alleged to have taken place while the petitioner was being transported to the courthouse for the Burglary cases.
 4. The petitioner has a long history of substance abuse and various mental health problems such as Depression and Anxiety. There are several documented attempts at suicide, generally, in connection with the abuse of cocaine.
 5. A mental health professional employed by the Department of Corrections examined the petitioner on February 26, 2001. At that time, the petitioner was found to be negative for both suicidal and homicidal ideation. He was eating well and sleeping well. He was not significantly clinically symptomatic at that time.
 6. The petitioner and his counsel appeared in Court on March 1, 2001 with the intent of seeking a reduction of, the bond by which he was being held. There was an outstanding offer from the state for a plea bargain that would require the petitioner to plead guilty to one count of assault upon a Department of Corrections employee, in exchange for which the state would enter a nolle to the other count and recommend a sentence of five years to be served concurrent with the twenty years he had received for the burglaries.
 7. The petitioner was disappointed to see that his girlfriend was not present in the courtroom and thereupon decided to accept the state's offer and plead guilty.
 8. Prior to accepting the petitioner's plea and entering a finding of guilty, the Court inquired if: the petitioner had had sufficient time in which to consult with his attorney; whether his attorney had explained the elements of the charged offense; and, whether he was satisfied with his lawyer's representation. The petitioner answered in the affirmative to all of these questions. The Court also ascertained whether the petitioner wished to give up his right to plead not guilty, to waive his rights to a jury trial, to confront and cross-examine his accusers and present defenses. Again the petitioner answered yes.
9. The Court specifically asked the petitioner if anybody was putting any pressure upon the petitioner or forcing him to plead guilty. The CT Page 1351 petitioner answered no. He stated that his guilty plea was of his own free will and voluntary after having had discussions with his attorney.
 10. Thereafter, the petitioner was convicted of the charged offense in accordance with his plea. Sentence was imposed in accordance with the agreement.
 11. At the request of habeas counsel, Dr. David Mantel examined the petitioner on July 31, 2002 and found that he was competent and well organized. He was fully oriented in all spheres and showed no signs of cognitive or psychological impairment.
 Discussion of Law
Any claim of ineffective assistance of counsel must satisfy both prongs of the test set forth by the United States Supreme Court in Stricklandvs. Washington, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh. denied 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d (1984) before the Court can grant relief. Specifically, the petitioner must first show "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel' guaranteed the defendant by the Sixth Amendment." Strickland, infra
at 687. If, and only if, the petitioner manages to get over the first hurdle, then the petitioner must clear the second obstacle by proving "that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, infra at 687. In short, the petitioner must show both deficiency and prejudice. A failure to prove both, even though counsel's trial performance may have been substandard, will result in denial of the petition.
"Although Strickland applies generally to the evaluation of whether ineffective assistance of counsel during criminal proceedings has infringed on a petitioner's constitutional rights, the United States Supreme Court has articulated a modified prejudice standard for cases in which the conviction has resulted from a guilty plea. See Hill vs.Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Hill
requires the petitioner to demonstrate that he would not have pleaded guilty, that he would have insisted on going to trial and that the evidence that had been undiscovered or the defenses he claims should have been introduced were likely to have been successful at trial." Copas vs.CT Page 1352Commissioner 234 Conn. 139, at 151 (1995). Given this modified standard to be applied to plea cases, the petitioner must first prove that the performance by his trial defense counsel was deficient and, that absent this deficient performance, the petitioner would have pled not guilty, would have gone to trial, and been acquitted.
Trial in this Court of a habeas petition is not an opportunity for a new counsel to attempt to re-litigate a case in a different manner. It is indisputable fact that many times if one had foreknowledge of certain events; different courses might well have been taken. Likewise, a habeas court knowing the outcome of the trial "may not indulge in hindsight to reconstruct the circumstances surrounding the challenged conduct, but must evaluate the acts or omissions from trial counsel's perspective at the time of trial." Beasley vs. Commisioner of Corrections,47 Conn. App. 253 at 264 (1979), cert. den. 243 Conn. 967 (1998). "A fair assessment of an attorney's performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances to counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Henry vs. Commissioner ofCorrection, 60 Conn. App. 313 at 317 (2000).
It is not necessary to consider whether a trial counsel's performance was deficient if the habeas Court is satisfied that there was no prejudice to the defendant by the actions of the trial counsel in representing the petitioner. "A reviewing court can find against a petitioner on either ground, whichever is easier. Strickland v.Washington, supra, 697; see Nardini v. Manson, 207 Conn. 118, 124,540 A.2d 69 (1988) ("[a] court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if it is easier to dispose of the claim on the ground of insufficient prejudice')" Valeriano vs. Bronson, 209 Conn. 75 at 86 (1988).
In the instant case, the petitioner is alleging that he was not competent[2] at the time that he entered his plea of guilty. The burden of proving such is upon the petitioner.[3] He has failed in that burden. In fact, the evidence that was produced in this Court strongly shows the exact opposite. The testimony of Dr. Mantel supports the conclusion that at the time the petitioner pled guilty to the charge of assaulting a corrections officer, he was fully competent, at least as that term is defined by CGS § 54-56d. To be sure, there was some testimony that the petitioner was feeling very vulnerable having just recently received a twenty-year sentence and was emotionally dependent CT Page 1353 upon the support of his girlfriend. Notwithstanding, while the absence of the girlfriend from the courtroom may have been the catalyst for the petitioner's election to plead guilty, that fact does not vitiate the guilty plea, nor does it affect the competence of the petitioner to stand trial. There is no evidence to suggest that Attorney Lopez should have raised the issue of his client's competence. Accordingly, his performance as trial defense counsel in this regard, can certainly not be called ineffective.
"[G]uilt, or the degree of guilt, is at times uncertain and elusive, an accused, though believing in or entertaining doubts respecting his innocence, might reasonably conclude a jury would be convinced of his guilt and that he would fare better in the sentence by pleading guilty.McCoy vs. United States, 124 U.S. App. D.C. 177, 179, 363 F.2d 306, 308
(1966)." See North Carolina vs. Alford, 400 U.S. 25 at 33 (1970).
In the instant case, the petitioner was charged with assault upon a corrections officer that would have, had he been convicted on the charge, exposed him to a sentence of up to an additional ten years in prison. Given that a sentence could have been imposed consecutive to the existing twenty-year sentence, it is clearly understandable then why the petitioner would have made the voluntary decision to plead guilty in order to minimize his potential exposure and try to obtain a more favorable result at sentencing "Reasons other than the fact that he is guilty may induce a defendant to so plead . . . [and he] must be permitted to judge for himself in this respect. State vs. Kaufman, 51 Iowa 578, 580,2 N.W. 275, 276 (1879)." See North Carolina vs. Alford, 400 U.S. 25 at 33
(1970).
The petitioner made a voluntary decision to plead guilty rather than to insist upon a not guilty plea and a trial on the merits. "In determining the validity of a plea, "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' North Carolina vs. Alford,400 U.S. 25, 31 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)." State vs. Parker,67 Conn. App. 351 at 354 (2001). Rather than prove that, but for his trial defense counsel's inadequate performance, the petitioner would have elected to plead not guilty and taken the case to trial, it is clear that the petitioner did make a voluntary and intelligent choice to plead guilty. Accordingly, this Court will deny the petition for habeas corpus.
Accordingly, the Petition for a Writ of Habeas Corpus is denied.
___________________ CT Page 1354 S.T. Fuger, Jr., Judge