[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
The petitioner, Lee Bunch, alleges in his petition for a Writ of Habeas Corpus originally filed with the Court on November 16, 1999, and amended for the final time on November 6, 2002, that he was denied the effective assistance of counsel at the trial level in violation of the Sixth andFourteenth Amendments to the United States Constitution as well as Article I, Section 8 of the Constitution of the state of Connecticut. For the reasons set forth more fully below, the petition shall be denied.
The claim of ineffective assistance of counsel alleges a multitude of ways in which the petitioner's trial defense counsel was deficient.[1]
It appears as if the petitioner was attempting to allege that his trial defense counsel was ineffective in his trial preparation and cross-examination.[2]
This matter came on for trial before the Court on February 24, 2003. The petitioner's trial defense counsel, Attorney James LaMontagne, was the only witness who testified at the trial. In addition, the Court received, inter alia, a transcript of the petitioner's May 11, 1999 plea and sentencing before Judge Edward F. Stodolink into evidence. The Court has reviewed all of the testimony and evidence and makes the following findings of fact.
Findings of Fact
1. The petitioner was the defendant in a criminal case, Docket Number CR98-0104540, pending in the Judicial District of Danbury in which he was charged with the sale of a narcotic substance (heroin) in violation of CGS § 21a-277 (a), conspiracy to sell a narcotic substance (heroin) in violation of CGS §§ 21a-277 (a) and 53a-48 (a), and the sale of a narcotic substance (heroin) within 1500 feet of an elementary school in violation of CGS § 21a-278a (b). CT Page 2678
2. Attorney James LaMontagne, a special public defender appointed by the Court to represent the petitioner, represented the petitioner throughout all of the proceedings in this matter.
3. The charges in this case arose out of a controlled narcotics buy by the Danbury police on November 24, 1998. The petitioner was initially arraigned on two-count information charging a sale of narcotics and sale within 1500 feet of an elementary school on November 25, 1998.
4. Negotiations to resolve the case without a trial were fruitless and on March 12, 1999 the matter was placed on the jury list.
5. On March 30, 1999, the Court, Moraghan, J., granted a motion to join the petitioner's case with a co-defendant's case entitledState v. Stefan, Docket Number CR98-0104544.
6. Sometime thereafter, but prior to May 6, 1999, the state filed long form information and added the conspiracy to sell narcotics count.
7. The petitioner's trial commenced in front of a jury on May 11, 1999.
8. After the first two witnesses had testified, the petitioner asked his trial defense counsel to attempt to negotiate a plea agreement.
9. The petitioner's counsel was able to reach a pretrial agreement with the state whereby the petitioner would enter a plea of guilty to the conspiracy to sell narcotics count in exchange for which the state would enter a nolle as to all of the other outstanding charges and recommend a total effective sentence of three years, execution suspended after the service of twenty-two months to be followed by three years probation.
10. The trial court, Stodolink, J., conducted an inquiry into the voluntariness and providence of the petitioner's plea. The state's attorney gave a detailed recitation of the facts surrounding the arrest of the petitioner and the factual basis for the charge to which he was pleading.
11. Prior to accepting the petitioner's plea and entering a finding of guilty, the Court inquired if the petitioner had had sufficient time in which to consult with his attorney, whether he was satisfied with his lawyer's representation, and whether he wished to waive his rights to a jury trial, to confront and cross-examine his accusers and present defenses. The petitioner answered in the affirmative. CT Page 2679
12. Thereafter, the petitioner was convicted of the charged offenses in accordance with his plea and sentenced to the agreed-upon sentence.
Discussion of Law
Any claim of ineffective assistance of counsel must satisfy both prongs of the test set forth by the United States Supreme Court in Stricklandv. Washington, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh. denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d (1984), before the Court can grant relief. Specifically, the petitioner must first show "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Strickland,infra at 687. If, and only if, the petitioner manages to get over the first hurdle, then the petitioner must clear the second obstacle by proving "that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, infra at 687. In short, the petitioner must show both deficiency and prejudice. A failure to prove both, even though counsel's trial performance may have been substandard, will result in denial of the petition.
"Although Strickland applies generally to the evaluation of whether ineffective assistance of counsel during criminal proceedings has infringed on a petitioner's constitutional rights, the United States Supreme Court has articulated a modified prejudice standard for cases in which the conviction has resulted from a guilty plea. See Hill v.Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Hill
requires the petitioner to demonstrate that he would not have pleaded guilty, that he would have insisted on going to trial and that the evidence that had been undiscovered or the defenses he claims should have been introduced were likely to have been successful at trial." Copas v.Commissioner, 234 Conn. 139, at 151 (1995). Given this modified standard to be applied to plea cases, the petitioner must first prove that the performance by his trial defense counsel was deficient and, that absent this deficient performance, the petitioner would have pled not guilty, would have gone to trial, and been acquitted.
Trial in this Court of a habeas petition is not an opportunity to attempt to re-litigate the case in a different manner. It is indisputable fact that many times if one had foreknowledge of certain events; different courses might well have been taken. Likewise, a habeas court CT Page 2680 knowing the outcome of the trial "may not indulge in hindsight to reconstruct the circumstances surrounding the challenged conduct, but must evaluate the acts or omissions from trial counsel's perspective at the time of trial." Beasley v. Commisioner of Corrections,47 Conn. App. 253 at 264 (1979), cert. den., 243 Conn. 967 (1998). "A fair assessment of an attorney's performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances to counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Henry v. Commissioner ofCorrection, 60 Conn. App. 313 at 317 (2000).
It is not necessary to consider whether a trial counsel's performance was deficient if the habeas Court is satisfied that there was no prejudice to the defendant by the actions of the trial counsel in representing the petitioner. "A reviewing court can find against a petitioner on either ground, whichever is easier. Strickland v.Washington, supra, 697; see Nardini v. Manson, 207 Conn. 118, 124,540 A.2d 69 (1988) ('[a] court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if it is easier to dispose of the claim on the ground of insufficient prejudice')." Valeriano v. Bronson, 209 Conn. 75 at 86 (1988).
It is upon this second shoal, the lack of prejudice resulting from the trial defense counsel's deficient performance, that the petitioner's vessel ultimately runs aground. The petitioner has pled guilty. "[G]uilt, or the degree of guilt, is at times uncertain and elusive, an accused, though believing in or entertaining doubts respecting his innocence, might reasonably conclude a jury would be convinced of his guilt and that he would fare better in the sentence by pleading guilty.McCoy v. United States, 124 U.S. App. D.C. 177, 179, 363 F.2d 306, 308
(1966)." See North Carolina v. Alford, 400 U.S. 25 at 33 (1970).
In the instant case, the petitioner was charged with numerous narcotics violations that would have, had he been convicted on all charges, exposed him to a lengthy sentence approaching sixty-three years in prison. In addition one of the counts contained a minimum mandatory sentence of three years to be served consecutive to any other sentence. It is clearly understandable then why the petitioner might have made the voluntary decision to plead guilty in order to minimize his potential exposure and obtain a quicker release from confinement. "Reasons other than the fact that he is guilty may induce a defendant to so plead . . . [and he] must be permitted to judge for himself in this respect. State v. Kaufman,
CT Page 268151 Iowa 578, 580, 2 N.W. 275, 276 (1879)." See North Carolina v. Alford,400 U.S. 25 at 33 (1970). By making the pragmatic decision to plead guilty, even though he may have believed himself to have been innocent, the petitioner obtained a sentence limited to twenty-two months and avoided a potential prison sentence that would have meant imprisonment for a large portion of his life.
The ultimate decision as to whether a criminal defendant pleads guilty or pleads not guilty rests with the individual charged with the crime. A criminal defendant has a Constitutional right to persist in a plea of not guilty, even in the face of seemingly insurmountable obstacles. It is not, and never has been, for the trial defense counsel to decide the plea that his client should enter. However, "[b]ecause a defendant often relies heavily on counsel's independent evaluation of the charges and defenses, the `right to effective assistance of counsel includes an adequate investigation of the case to determine facts relevant to the merits or to the punishment in the event of conviction.' Copas v.Commissioner of Correction, 234 Conn. 139, 154 (1995)." See Baillargeonv. Commissioner of Correction, 67 Conn. App. 716 at 721 (2002). Consequently, an attorney who fails to conduct an adequate investigation may well be providing ineffective representation.
In the instant case, it is clear that Attorney LaMontagne did all that he could have done to represent his client's interests. He was well prepared and had a solid grasp of the issues in this case. The state had a very strong case against the petitioner and it is highly likely that given the state of the evidence, that the petitioner would have been convicted by the jury. It is also highly likely that in the event, the ultimate sentence would have significantly exceeded that which was actually adjudged. The petitioner has seized upon some inconsistencies in the testimony of the two witnesses who did testify and made a leap to accusing them of perjury. Indeed, he has made accusations that his trial defense counsel, the prosecutor and the police all conspired against him to present perjured testimony. The evidence, however, simply does not support this. The examples of "perjury" cited by the petitioner are inconsistencies in testimony such as occur in nearly every criminal trial. To be sure, these inconsistencies may have undermined the credibility of the witnesses, but it does not arise to the level of perjury.
The petitioner is upset at what he characterizes as an abuse of his civil rights by the Danbury police department. To be sure, there was some evidence at the habeas trial about a warrantless search conducted of the petitioner's home. No items were seized in that search nor was any evidence developed as a result. Given that fact, there was nothing to be CT Page 2682 attacked by a suppression motion at the petitioner's trial, no motion contesting the legality of the search of the home was ever filed.[3]
Similarly, here in a habeas action, unless the warrantless search in some way vitiated the petitioner's conviction, there is nothing that this Court can do to vindicate the potential violation of the petitioner's 4th Amendment rights. This is not to say that the petitioner is not without some remedy, he does have the remedy of filing a suit in federal district court under the authority of 42 U.S.C. § 1983. But the filing of a habeas petition is not the proper place.
Most importantly, however, Attorney LaMontagne did negotiate a favorable plea bargain for his client, "To satisfy the prejudice prong, the petitioner must show a `reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Baillargeon v. Commissioner of Correction,67 Conn. App. 716 at 722 (2002). Here, despite the possibility of his being innocent of the charges the petitioner made the conscious decision to elect to take the pragmatic approach of pleading guilty in order to minimize his potential exposure and sentence. The petitioner made the voluntary decision to take that course rather than to insist upon a not guilty plea and a trial on the merits. "In determining the validity of a plea, `[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' North Carolina v. Alford, 400 U.S. 25, 3191 S.Ct. 160, 27 L.Ed.2d 162 (1970)." State v. Parker, 67 Conn. App. 351
at 354 (2001).
It is clear that the petitioner did not suffer any prejudice as a result of any of the challenged actions or omissions of the trial counsel. Even had there been deficient performance, the petitioner must still show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, infra at 694. Given the petitioner's voluntary and intelligent choice to plead guilty, this Court will deny the petition for habeas corpus.
Accordingly, the Petition for a Writ of Habeas Corpus is denied.
S.T. Fuger, Jr., Judge